No. 22974.

In Re House Bill No. 1503 of the Forty-Sixth General Assembly of the State of Colorado.

(428 P.2d 75)

Decided May 29, 1967.

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

The Governor of the State of Colorado has heretofore presented to this court his "Request for an Opinion" concerning the constitutionality of an Act of the legislature known as House Bill No. 1503, which was adopted by both houses of the First Regular Session of the Forty-Sixth General Assembly. House Bill No. 1503 is entitled "A BILL FOR AN ACT CONCERNING ECONOMIC

DEVELOPMENT IN THE STATE OF COLORADO; AUTHORIZING COUNTIES AND MUNICIPALITIES TO ISSUE REVENUE BONDS THEREFOR; AND PRESCRIBING DETAILS IN CONNECTION THEREWITH."

The "Request for an Opinion" submitted by the Governor contains the statement that "the advice of the Attorney General has been sought and received, and there is grave doubt as to the constitutionality of certain provisions of House Bill No. 1503; * * *." The request directs the attention of this court to eleven separate sections of the Constitution of the State of Colorado which have given rise to the "grave doubt" mentioned by the Governor. He asks that the bill as a whole be subjected to the test of constitutionality as violative of Section 1, Article XI, of the Constitution of the State of Colorado; and that seven separate provisions of the Act be tested as to their constitutionality as violative of the eleven sections of the constitution to which our attention is specifically directed.

House Bill No. 1503 as adopted by the General Assembly is a lengthy document containing 25 separately numbered sections and 60 subsections, making a total of 85 separately identified provisions which must be considered and related to the applicable constitutional provisions. The bill purports to create property rights and liabilities of a very substantial kind. In our view the question presented should only be answered after thorough analysis and study, and with full opportunity for those, who may be affected by the Act, to be heard.

We think the language of this court in *In Re Interrogatories*, 131 Colo. 389, 281 P.2d 1013, is directly applicable to the instant case. We there explained the dangers involved in answering a similar request made by the State Senate in the following language:

"To anyone familiar with the intricacies and fine distinctions involved in the legal interpretation of constitutional and statutory provisions, it is apparent that

the foregoing interrogatories concern matters of deep import and may not readily be answered. It also will be apparent that, since the matter comes before this Court as an original proceeding, we are deprived of the aid and assistance of competent counsel generally prevailing in instances where we are called upon to review litigated causes.

"Should we answer the questions, there is no positive certainty that our conclusions in this sort of proceeding would be correct, and certainly they would not be final. Should our answer be that the proposed legislation is violative of any one of the provisions of our Constitution, the Senate then could only consider our reply as in confirmation of its present doubts as expressed in its resolution and would be no further ahead than it is at the present moment. * * *"

We conclude that the hasty consideration which would be required in order to serve the purposes of the Governor makes it necessary for us respectfully to decline to pass upon the numerous questions which are raised.

MR. JUSTICE MCWILLIAMS not participating.